BELANGER v. CHICAGO & NORTH WESTERN RAILWAY CO.

1. MASTER AND SERVANT—AGREEMENT TO PAY INJURED EMPLOYEE—COMPROMISE AND SETTLEMENT.

Whether defendant railway company, not under Michigan workmen's compensation act, agreed to pay plaintiff, injured employee, compensation according to terms of said act, if he returned to work, *held*, question for jury, under evidence.

2. SAME—PRINCIPAL AND AGENT—AUTHORITY OF CLAIM AGENT.

Where there was evidence of express authority of railroad company's claim agent to settle employee's claim for injuries, and latter returned to work pursuant to alleged agreement to pay him compensation according to terms of workmen's compensation act, jury was justified in finding implied authority, at least, on part of claim agent to make said agreement.

3. SAME—CONTRACTS—MEASURE OF DAMAGES—UNCERTAINTY—WORKMEN'S COMPENSATION ACT.

Employer's agreement to pay employee damages for his injuries according to terms of workmen's compensation act, *held*, not uncertain as measure of damages.

Appeal from Delta; Bell (Frank A.), J. Submitted June 6, 1933. (Docket No. 17, Calendar No. 36,761.) Decided August 31, 1933.

Action by Peter Belanger against Chicago & North Western Railway Company on an agreement alleged to have been made in settlement of a claim for personal injuries received while an employee of defendant. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Derham & Derham,* for plaintiff.

*Ryall & Frost,* for defendant.

CLARK, J. Plaintiff while employed as a section laborer by defendant suffered an accidental personal

injury. Defendant's claim agent called upon plaintiff and offered him nearly $700 in settlement and compromise of the claim. Plaintiff declined. Thereupon, according to the testimony of plaintiff and his witnesses, the claim agent told plaintiff that if he would return to work, as recommended by defendant's doctor, he would be paid according to the terms of the Michigan workmen's compensation law (2 Comp. Laws 1929, § 8407 *et seq.*). Plaintiff agreed, and returned to work. Not being paid, he brought suit, a count of the declaration being under the Federal employers' liability act (45 USCA, §§ 51–59), and a second count upon the agreement stated. The first count was eliminated. From verdict and judgment under the second count, defendant has appealed. Whether the agreement was made was clearly a question of fact for the jury.

The employer was not under the Michigan workmen's compensation law. There is evidence of express authority of the claim agent to settle the claim. In view of the circumstances, including the fact that plaintiff returned to work in pursuance of the agreement, it is clear that the jury was justified in finding implied authority at least on the part of the claim agent to make the agreement.

The agreement merely provided a measure of damages, the compensation act, and damages were measured accordingly. Clearly the agreed measure is not uncertain, as the compensation act in this respect has not been so regarded.

Other questions are presented but call for no discussion. We find no error.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not participate in this decision.